# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:09cr87

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| **CHAD STEVEN HUMPHRIES.** | ) | |

**THIS MATTER** is before the Court on the Defendant's *pro se* Motion to Set Payment Schedule [Doc. 39].

On January 27, 2011, the Defendant was sentenced to serve 180 months of imprisonment in connection with his convictions for conspiracy to commit fraud, mail fraud and wire fraud. [Doc. 24]. The Court ordered restitution in the amount of $906,153.81. [Id. at 4]. The Judgment contains the following provision: "if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments are to be made to the United States District Court Clerk ..., *except those payments made through teh Bureau of Prisons' Inmate Financial Responsibility Program*." [Id. at 5] (emphasis provided). The Judgment also contains a provision recommending to the Bureau of Prisons that the Defendant participate in the Inmate Financial Responsibility Program. [Id. at 2]. In this motion, the Defendant asks that the

Court set an amount of payment towards restitution which is "fair" and to amend the Judgment of Conviction to set that amount.

To the extent that the Defendant may be challenging his participation in the Inmate Financial Responsibility Program (IFRP), the Judgment does not require such participation, but only recommends it. <u>United States v. Boyd</u>, 608 F.3d 331, 335 (7th Cir.), <u>cert. denied</u> ___ U.S. ___, 131 S.Ct. 647, 178 L.Ed.2d 487 (2010) (participation in IFRP is not compelled; prisoner may choose to bear the consequences of not participating).

In any event, the proper vehicle for challenging the payments an inmate is required to make through the IFRP is a petition pursuant to 28 U.S.C. §2241 filed in the district in which he is incarcerated. <u>United States v. Savage</u>, 466 F. App'x. 68 (3rd Cir. 2012); <u>Coleman v. Brooks</u>, 133 F. App'x. 51 (4th Cir. 2005). This Court has no authority to either amend the Judgment or to direct the Bureau of Prisons to modify the amount he is paying through the IFRP.

**IT IS, THEREFORE, ORDERED** that the Defendant's *pro se* Motion to Set Payment Schedule [Doc. 39] is hereby **DENIED**.

Signed: December 11, 2012

Martin Reidinger
United States District Judge