# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:12-cv-00056-MR
# [Criminal Case No. 1:09-cr-00087-MR-1]

| | |
|---|---|
| CHAD STEVEN HUMPHRIES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1] and the Government's Motion to Dismiss [Doc. 7].

## PROCEDURAL HISTORY

From January to July 2007, Chad Steven Humphries ("Petitioner") engaged in a scheme to defraud whereby he generated fictitious contracts for several freight brokering companies and pocketed the proceeds, particularly targeting one family business. [See Criminal Case No. 1:09-cr-00087-MR-1, Doc. 18 at ¶¶ 10-38: PSR]. Petitioner defrauded the companies of just under $1 million. [See id., Doc. 24: Judgment]. Based on this conduct, a federal grand jury charged Petitioner with conspiracy to

commit mail fraud, in violation of 18 U.S.C. § 1349; six counts of mail fraud, in violation of 18 U.S.C. § 1341; and six counts of wire fraud, in violation of 18 U.S.C. § 1343. In December 2009, Petitioner entered into a plea agreement with the Government, in which he agreed to plead guilty to all counts of the Indictment. [See id., Doc. 24: Judgment; Doc. 12: Amended Plea Agreement]. The plea agreement set forth the maximum penalty Petitioner faced for each charge and allowed for either party to seek "a departure or variance from the 'applicable guideline range.'" [Id., Doc. 12 at ¶¶ 3, 7(e)]. As part of the agreement, Petitioner also agreed to waive all rights to contest the conviction or sentence in an appeal or collateral attack, except for claims of ineffective assistance of counsel or prosecutorial misconduct. [Id. at ¶¶ 21-22].

Petitioner entered his guilty plea at a Rule 11 hearing before a Magistrate Judge on December 23, 2009. [Id., Doc. 13: Acceptance and Entry of Guilty Plea]. At the hearing, Petitioner acknowledged that he was under oath; that he understood the maximum penalty for each charge, including that the sentence imposed for each count may run consecutively; that the Court would impose a sentence within the statutory limits and that the sentence could be greater or less than the sentence provided for by the sentencing guidelines; that he was in fact guilty of these counts; that his

2

plea was voluntary and not the result of coercion; that he understood the terms of his plea agreement; and that he was knowingly waiving his right to appeal or file a post-conviction proceeding except for instances of ineffective assistance of counsel or prosecutorial misconduct. [Id., Doc. 31 at 5; 14; 18; 22-25; 27; 31: Plea and Rule 11 Hrg. Tr.]. At the conclusion of the hearing, the Magistrate Judge accepted Petitioner's plea as knowingly and voluntarily made. [Id. at 33].

At the sentencing hearing, Petitioner reaffirmed that the answers he gave at the Rule 11 hearing were true, and this Court accepted Petitioner's guilty plea as knowing and voluntary. [Id., Doc. 32 at 3-5: Sent. Hrg. Tr.]. The Court sustained some of Petitioner's objections as to the loss amount and restitution but overruled Petitioner's objection to his designation as the leader or organizer of the fraud. [Id. at 10-22]. With a total offense level of 26 and a criminal history category VI, Petitioner faced an advisory guideline range of 120 to 150 months. [Id. at 23-24]. Petitioner sought a sentence at the low-end of the guideline range, while the Government sought an upward variance of 180 months. [Id. at 25-33]. The Court sentenced Petitioner to 180 months of imprisonment for each count to be served concurrently. [Id. at 36]. The Court noted Petitioner's concentrated

victimization of one family company and his extensive criminal history as factors justifying the upward variance. [Id. at 37].

Petitioner then appealed his sentence. On appeal, Petitioner's appellate counsel submitted a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying there were no meritorious issues for appeal but questioning whether trial counsel provided ineffective assistance of counsel at sentencing. Petitioner was advised of his right to file a *pro se* supplemental brief but declined to do so. In an unpublished, per curiam opinion affirming the conviction and sentence, the Fourth Circuit found that there was no evidence that counsel was ineffective. The court then considered the reasonableness of the upward variance and found that the sentence was procedurally and substantively reasonable. See United States v. Humphries, 455 F. App'x 321, 323 (4th Cir. 2011) (per curiam). The court also noted that it had reviewed the entire record in accordance with Anders and found no meritorious issue for appeal. The mandate was issued December 20, 2011, affirming the judgment in its entirety. [See Criminal Case No. 1:09-cr-00087-MR-1, Doc. 37: Mandate, No. 11-4107].

Petitioner filed the instant Section 2255 petition on March 19, 2012, asserting four grounds for relief. In his first ground, Petitioner contends that his sentence was "procedurally illegal because it was based on an incorrect

4

guideline application," that is, an incorrect loss calculation. [Doc. 1 at 4]. In his second ground, Petitioner summarily alleges that appellate counsel was ineffective. [Id.]. In his third ground, Petitioner alleges that the sentence was "contrary to statutory direction" because the felony he committed "does not allow for a term of imprisonment higher than 12 years." [Id.]. Finally, Petitioner contends in his fourth ground that the upward variance sentence was contrary to the Sentencing Commission's direction. [Id. at 5].

## STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## DISCUSSION

**A. Grounds One, Three, and Four: Sentence Challenges**

In Grounds One, Three, and Four, Petitioner makes various challenges to his sentence. These claims are not cognizable because

Petitioner knowingly and voluntarily waived his right to collaterally challenge his sentence in his plea agreement. Such a waiver is enforceable as long as the defendant waives this right knowingly and voluntarily. See United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005) ("[A] criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary."). Petitioner does not allege in his motion that his plea was either unknowing or involuntary, nor could he, as the Rule 11 colloquy establishes that he pled guilty understanding the charge to which he was pleading guilty as well as the consequences of his plea, including his waiver of his right to challenge his sentence in a Section 2255 post-conviction proceeding. These three grounds for relief do not present either a claim of ineffective assistance of counsel or a claim of prosecutorial misconduct. Accordingly, neither of the exceptions to his waiver applies, and Grounds One, Three, and Four will be dismissed.

Furthermore, Petitioner is incorrect in suggesting that the 180-month sentence was outside the statutory maximum. As Petitioner acknowledged in his plea agreement and at the Rule 11 hearing, Petitioner faced a twenty-year maximum sentence for each count, and the 180-month

sentence he received was within the maximum. Therefore, Ground Three is also subject to dismissal on the merits.

**B.     Ground Two: Ineffective Assistance of Appellate Counsel**

The test for ineffective assistance of appellate counsel is the same as it is for trial counsel. Specifically, "[i]n order to establish a claim that appellate counsel was ineffective for failing to pursue a claim on direct appeal, the applicant must normally demonstrate (1) that his counsel's representation fell below an objective standard of reasonableness in light of the prevailing professional norms, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (internal citations and quotations omitted). Appellate counsel is entitled to a "presumption that he decided which issues were most likely to afford relief on appeal." Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993). "'Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.'" Smith v. Robbins, 528 U.S. 259, 288 (2000) (quoting Gray v. Greer, 800 F.2d 644, 646 (7th Cir. 1986)).

In Ground Two, Petitioner summarily alleges that his appellate counsel was ineffective. Petitioner does not allege, however, how counsel

7

was ineffective, nor does Petitioner cite to any meritorious issue that appellate counsel should have raised. For these reasons alone this claim will be dismissed. Moreover, Petitioner was given the opportunity to file a *pro se* supplemental brief and to raise any issue he wanted the appellate court to consider, but he declined to do so. Finally, the Fourth Circuit, in accordance with Anders, *sua sponte* examined the reasonableness of Petitioner's sentence and the entire record for any other issue and determined there were no meritorious issues for appeal. For these reasons, Petitioner has not demonstrated deficient performance or prejudice by appellate counsel, and this claim will be dismissed.

The Court finds that Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that his Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). As a result, the Court declines to issue a certificate of

appealability.  See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that The Government's Motion to Dismiss [Doc. 7] is **GRANTED**, and the Petitioner's Section 2255 Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1] is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Court declines to issue a Certificate of Appealability.

**IT IS SO ORDERED.**

Signed: September 3, 2013

Martin Reidinger
United States District Judge