# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:09-cr-00087-MR

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CHAD STEVEN HUMPHRIES, )<br>)<br>Defendant. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's "Motion Requesting Judicial Recommendation Concerning Re-Entry Placement" [Doc. 44].

The Defendant moves the Court for a recommendation concerning the length of his placement in a residential center or halfway house. [Doc. 44]. The Bureau of Prisons (BOP), not the Court, has the authority to designate the location of an inmate's place of imprisonment, including his placement at a halfway house or a similar facility. See 18 U.S.C. § 3621(b). Accordingly, the Defendant's request for a recommendation from this Court regarding the length of his placement at a halfway house must denied.

Further, the Defendant is advised that before he may seek relief from any court regarding the designation of the place of confinement, he must exhaust all administrative remedies through the Bureau of Prisons. See, e.g., Richmond v. Scibana, 387 F.3d 602, 604 (7th Cir. 2004). Once all administrative remedies have been exhausted, he may challenge his placement only by filing the appropriate pleading in the district court located in the district of confinement, not the sentencing court. See Matheny v. Morrison, 307 F.3d 709, 711-12 (8th Cir. 2002).

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion Requesting Judicial Recommendation Concerning Re-Entry Placement" [Doc. 44] is **DENIED**.

**IT IS SO ORDERED.**

Signed: June 1, 2018

Martin Reidinger
United States District Judge