THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:09-cr-00087-MR-WCM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | O R D E R |
| | ) | |
| CHAD STEVEN HUMPHRIES, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion for Compassionate Release or in the Alternative Order for Release to Home Confinement." [Doc. 46].

**I.   BACKGROUND**

In December 2009, the Defendant Chad Steven Humphries pled guilty to conspiracy to commit mail fraud, in violation of 18 U.S.C. § 1349; six counts of mail fraud and aiding and abetting, in violation of 18 U.S.C. §§ 1341, 2; and six counts of wire fraud and aiding and abetting, in violation of 18 U.S.C. §§ 1343, 2.  In January 2011, the Court sentenced Defendant to a total term of 180 months' imprisonment.  [Doc. 24].

The Defendant, who is currently incarcerated at Lexington Federal Medical Center, now seeks a reduction in his sentence pursuant to 18 U.S.C.

§ 3582(c)(1)(A) due to the COVID-19 pandemic. [Doc. 46]. Specifically, the Defendant argues that his history of asthma puts him at an elevated risk of being infected by COVID-19 and of suffering complications and possibly death if he becomes infected. [Id.].

## II. DISCUSSION

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The Defendant asserts in his motion that he submitted a request for compassionate release to the warden of his Bureau of Prisons facility and that the warden has not responded to his request within 30 days. [Doc. 46 at 1].

A reduction under § 3582(c)(1)(A) must be consistent with applicable policy statements issued by the United States Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). Sentencing Guidelines § 1B1.13 is the Sentencing

2

Case 1:09-cr-00087-MR    Document 48    Filed 05/11/20    Page 2 of 6

Commission's policy statement applicable to compassionate release reductions. See U.S.S.G. § 1B1.13. The commentary to § 1B1.13 provides the following specific and limited grounds for release under § 3582(c)(1)(A): (1) a terminal illness; or (2) a serious physical or medical condition, a serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A). A defendant's age may also warrant compassionate release if (1) the defendant is at least 65 years old, (2) is experiencing a serious deterioration in physical or mental health because of the aging process, and (3) has served at least 10 years or 75% of his term of imprisonment, whichever is less. Id., § 1B1.13 cmt. n.1(B).

Here, the Defendant has not shown that he has any physical or mental condition that "substantially diminishes" his ability to provide self-care within the correctional facility at which he is housed. He also has not asserted that he has a terminal illness, or that his medical condition is untreatable in the Bureau of Prisons. Therefore, the Defendant has not shown that he has a

3

Case 1:09-cr-00087-MR   Document 48   Filed 05/11/20   Page 3 of 6

medical condition warranting a reduction. Further, the Defendant is only 40 years old and thus is ineligible for a reduction based on his age.

Finally, the mere fact that the Defendant faces a potential risk of contracting COVID-19 is not sufficient to justify his release. As the Court of Appeals for the Third Circuit recently noted, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).[1]

For all these reasons, the Defendant's motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) is denied.

As for the Defendant's request for a release to home confinement, the Defendant's motion also must be denied. The discretion to release a prisoner to home confinement lies solely with the Attorney General. See 18 U.S.C. § 3624(c)(2); 34 U.S.C. § 60541(g). The legislation recently passed by Congress to address the COVID-19 pandemic does not alter this. See CARES Act, Pub. L. No. 116-136, 134 Stat 281, 516 (2020) ("During the

---

[1] See generally Federal Bureau of Prisons, COVID-19 Action Plan (Mar. 13, 2020, 3:09 PM), https://www.bop.gov/resources/news/20200313_covid19.jsp.

4

Case 1:09-cr-00087-MR   Document 48   Filed 05/11/20   Page 4 of 6

covered emergency period, if *the Attorney General* finds that emergency conditions will materially affect the functioning of the Bureau [of Prisons], the *Director of the Bureau* may lengthen the maximum amount of time for which *the Director* is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, *as the Director determines appropriate.*") (emphasis added). As such, this Court lacks the authority to order the Defendant's release. Deffenbaugh v. Sullivan, No. 5:19-HC-2049-FL, 2019 WL 1779573, at *1 (E.D.N.C. Apr. 23, 2019); United States v. Overcash, No. 3:15-CR-263-FDW-1, 2019 WL 1472104, at *3 (W.D.N.C. Apr. 3, 2019) (noting that there is "no provision for judicial review of the BOP's and Attorney General's decision with regards to a request for home detention under § 60541(g)"); United States v. Curry, No. 6:06-082-DCR, 2019 WL 508067, at *1 (E.D. Ky. Feb. 8, 2019) ("Because the First Step Act gives the *Attorney General* the discretion to determine if and when home confinement is appropriate, this Court does not have the authority to grant the requested relief.") (emphasis in original).

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion for Compassionate Release or in the Alternative Order for Release to Home Confinement." [Doc. 46] is **DENIED**.

**IT IS SO ORDERED.**     Signed: May 11, 2020

Martin Reidinger
United States District Judge