THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:09-cr-00087-MR-WCM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| CHAD STEVEN HUMPHRIES, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Defendant's "Amended Motion for Compassionate Release" [Doc. 49].

The Defendant, who is currently incarcerated at Lexington Federal Medical Center, filed a motion seeking a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), or alternatively a release to home confinement, due to the COVID-19 pandemic. [Doc. 46]. Specifically, the Defendant argued that his history of asthma puts him at an elevated risk of being infected by COVID-19 and of suffering complications and possibly death if he becomes infected. [Id.]. On May 11, 2020, the Court denied the Defendant's motion for a sentence reduction, finding that the Defendant had not shown "extraordinary and compelling reasons" justifying a compassionate release. [Doc. 48 at 2-4]. Additionally, the Court denied the

Defendant's release to home confinement, as the discretion to release a prisoner to home confinement lies solely with the Attorney General. [Id. at 4-5].

The Defendant now returns to this Court with an "amended" motion, seeking a compassionate release or release to home confinement. [Doc. 49]. For grounds, the Defendant argues that there has been a serious increase in COVID-19 cases within FMC Lexington since he filed his last motion.[1] [Id. at 1]. He continues to argue that his chronic care issues place him at an elevated risk of dying from the virus if he is infected. [Id. at 2]. He further requests the appointment of counsel to assist him in seeking a reduction in sentence/compassionate release. [Id. at 3].

For the reasons set forth in the Court's prior Order [Doc. 48], the Defendant has not demonstrated "extraordinary and compelling reasons" justifying a compassionate release. While the increase in the number of COVID-19 cases in the Defendant's facility is concerning, the Court notes that BOP is continuing to make extensive efforts to curtail the spread of the

---

[1] As of May 22, 2020, FMC Lexington reports that 213 inmates and 4 staff members have tested positive for COVID-19. See http://bop.gov/coronavirus (last visited May 22, 2020).

2

virus. The fact that the Defendant faces a potential risk of contracting COVID-19 is not sufficient to justify his release.[2]

The Defendant's request for the appointment of counsel to assist him in seeking a sentence reduction or release is denied. The Defendant has no constitutional right to the appointment of counsel to file post-conviction motions. Lawrence v. Florida, 549 U.S. 327, 336-37 (2007) (citing Coleman v. Thompson, 501 U.S. 722, 756-57 (1991)); Rouse v. Lee, 339 F.3d 238, 250 (4th Cir. 2003), cert. denied, 541 U.S. 905 (2004) (citing Pennsylvania v. Finley, 481 U.S. 551, 555-56 (1987) (no constitutional right to counsel beyond first appeal of right)). The Court may, in some circumstances, appoint counsel to represent a prisoner when the interests of justice so require and the prisoner is financially unable to obtain representation. See 18 U.S.C. § 3006A(a)(2)(B). In the instant case, however, the Defendant has failed to demonstrate that the interests of justice warrant the appointment of counsel. See United States v. Riley, 21 F. App'x 139, 141-42 (4th Cir. 2001).

---

[2] Further, for the reasons previously stated, the Court lacks the authority to order the Defendant's release to home confinement. [See Doc. 48 at 4-5].

**IT IS, THEREFORE, ORDERED** that the Defendant's "Amended Motion for Compassionate Release" [Doc. 49] is **DENIED**.

**IT IS SO ORDERED.**

Signed: May 26, 2020

Martin Reidinger
United States District Judge